UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHEROSCO L. BREWER                                                                                                       PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:16CV-14-CRS

OFFICER HOLLAND *et al.*                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Cherosco L. Brewer, *pro se*, filed this action on a general complaint form. He also filed an application to proceed without prepayment of fees, which has been granted. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must now undertake a preliminary review of the complaint. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the conspiracy and retaliation claims will be dismissed, and Plaintiff will be allowed 30 days to amend his other claims.

**I. SUMMARY OF CLAIMS**

Plaintiff identifies seven officers with the Louisville Metro Police Department as Defendants in this action. They are as follows: (1) Officer Casse; (2) Officer Holland; (3) Officer J. Adams; (4) Officer Holian; (5) Officer Stewart; (6) Detective T. James; and (7) Officer J. Beckett. As relief, Plaintiff seeks punitive damages from each Defendant for the alleged constitutional violations. He further requests "any and all other relief t[o] which [he] may be entitled," and requests the right to "preserve the issue of being able to amend his Complaint accordingly if he has any such entitlement to amend, if necessary."

*First Traffic Stop*

According to the complaint, on November 4, 2015, Plaintiff was pulled over by Defendant Casse for an "alleged traffic-violation." Plaintiff states he was asked a "string of questions" by Defendant Casse, and "another officer [had] his hand inside [the] car on the passenger side." Plaintiff states that "police officers stuck their hands in plaintiffs' pockets and searched him." Plaintiff states that he was given three traffic citations and was held there for 30 minutes while waiting for the K-9 unit. Plaintiff states that as he "was pulling off, the K-9 unit and three (3) other police cars arrived."

Plaintiff attached a copy of the Uniform Citation (Citation) (DN 1-1, p. 6) issued to him as a result of this traffic stop. According to the Citation, Plaintiff was cited with violations of KRS § 189.110, excessive tint; KRS § 189.380, no signal; and KRS § 189.125, no seat belt. It appears that the Citation was signed by Defendants Casse and Stewart.

Plaintiff states that on November 9, 2015, he submitted a request to obtain a video of the incident. Plaintiff "believes that somehow Officer Casse, and the 9th mobile found out about the request for the video."

*Second Traffic Stop*

According to Plaintiff, he was pulled over on November 11, 2015, for "tinted win[d]ows again." Plaintiff states that he "was immediately ordered from his vehicle." According to Plaintiff, when he "was getting out of the car, [an] officer placed his hands on plaintiff and attempted to go in his pockets." Plaintiff states that he asked the officer "to stop trying to stick his hands in his pockets, and officer stated, 'Don't sue me Brewer!' sarcastically, with a smirk on his face." Thereafter Plaintiff states that he observed the K-9 unit, "and many of the same officers that were arriving as he was released from" the November 4, 2015, "thirty minute delay"

traffic stop. According to Plaintiff, the K-9 unit and multiple cars were present when Plaintiff was initially pulled over. Plaintiff states that "[t]he K-9 officer had no reason to be present for a traffic citation," and "the immediate presence of the K-9 at plaintiffs' traffic-stop, was conducted without any legal authority, and arbitrary under § 2 of the Kentucky Constitution." Plaintiff states that "with no 'reasonable articulable suspicion' or 'probable cause' of criminal activity, the K-9 officer proceeded to walk the dog around the plaintiffs' vehicle." According to Plaintiff, the officer's never asked permission to "search or allow the dog to sniff around the vehicle." Plaintiff states that the officers never investigated the alleged purpose for the stop, the tinted windows. Plaintiff contends that the "entire stop was a pretext to search." Plaintiff states that the "stop lasted nearly two (2) hours, and plaintiff asserts that the actions of [the] police officers', at all times relevant to this complaint, were carried out for racially motivated reasons, as well as retaliatory." According to Plaintiff, as a result of this stop, he was charged with the following: "KRS 527.040 possession of handgun by a convicted felon; KRS 218A.1421 trafficking in marijuana; KRS 218A-1417 possession of a controlled substance in the third degree; KRS 189.110 excessive window tint."

Plaintiff attached a copy of the Citation (DN 1-1, p. 9) he received as result of this traffic stop. The Citation was signed by Defendants Holland and J. Adams. A third officer also signed the Citation. Although difficult to read, it appears that this third officer is Defendant Holian. As to this traffic stop, Plaintiff states that "he is being maliciously prosecuted, and that police officers' complained of herein, 'civilly conspired' to bring about this intended result."

*Third Traffic Stop*

Plaintiff states that on November 12, 2015, "he was traffic-stopped for excessive window tint by many of the same police officer's, and pulled from his vehicle, and cuffed." Without

3

permission, states Plaintiff, the "officers' immediately stuck their hands inside of [his] pockets." Plaintiff states that the K-9 unit was present and "at least three (3) other cars were detained directly across the street with what appeared to be African-American males sitting on the ground and others being searched." According to Plaintiff, after looking at Plaintiff's identification, the officer shouted out, "Hey, look who I got here. It's Cherosco Brewer." Plaintiff states that thereafter officers "roughed plaintiff up by yanking and pulling him back and forth." Plaintiff believes this was done in order to provoke a response from him "to excuse the excessive force they were subjecting him to." According to Plaintiff, one officer, over Plaintiff's protest, "probed at the crack of plaintiffs buttocks" searching for drugs. Plaintiff states that, "with no reasonable articulable suspicion or probable cause of criminal activity," the K-9 as well as other officers entered and searched Plaintiff's vehicle. Plaintiff states that he was "detained for hours, being searched multiple times, and finally arrested." Plaintiff states that the officers never investigated the "charges of excessive tint."

    Plaintiff states that he was charged with "KRS 218A.1412, Trafficking in control substance in the first degree; KRS 218A.1415, Possession of a controlled substance in the first degree; KRS 189.110, excessive window tint." Attached to the complaint is a copy of the Citation (DN 1-1, p. 8) Plaintiff received as a result of this traffic stop. The Citation is signed by Defendants Stewart and Casse. Plaintiff contends that the "[p]olice officers civilly conspired to submit false information on the citation by stating that plaintiff had 'heroin' and two (2) ounces of cocaine." Plaintiff states the officers made these allegedly false statements "to insure that plaintiff would be indicted," and "the evidence will show that officers had no evidentiary basis to support this charge or information submitted on the citation." Plaintiff asserts that "police

4

officers implemented an illegal road block to search African-Americans cars, with dogs, for racially motivated reasons, and also retaliatory as well when it come to me."

*Fourth Traffic Stop*

According to Plaintiff, he was again pulled over for "alleged excessive window tint" on November 24, 2015. Plaintiff states that "it was some of the same officers that plaintiff has seen at the other complained of stops in this complaint." Plaintiff states that he was "summarily ordered from the car, cuffed, and officer's started sticking their hands in his back pockets'. With no reasonable articulable suspicion or probable cause of criminal activity." According to Plaintiff, he was stopped for at least two hours during which time he was "subjected to repeat searches of his persons, and his vehicle, all conducted under the color of law for racially and retaliatory reasons in violation of plaintiff 4th and 14th Amendment rights . . . ." Plaintiff states that these searches "turned up 'nothing.'" According to the exhibits attached to Plaintiff's complaint, he received a Citation (DN 1-1, p. 7) on this date for excessive tint in violation of KRS § 189.110. This citation is signed by Defendant Beckett.

Following the recitation of the facts, Plaintiff sets forth three general causes of action. First, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights when they "for racially motivated and retaliatory reasons, unlawfully seized, searched, [and] arrested plaintiff." Plaintiff contends that "the traffic-stops were pretext to search plaintiff unlawfully with K-9 dogs that unlawfully deployed." Second, Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated when he was "subjected to an unlawful 'roadblock', . . . implemented on poor African-Americans, in low-economic areas, within a very short period." Third, Plaintiff alleges that his Fourth and Fourteenth Amendment rights "are being violated when defendants falsely and maliciously prosecute him based upon their unlawful

5

conduct. That the defendants civilly conspired by submitting false and perjured information on citations . . . ."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. In *Thomas v. Shipka*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989); *see also Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities"). In the present case, Plaintiff is suing local officials for alleged constitutional violations. Accordingly, the Court construes this action as being brought under 42 U.S.C. § 1983. The Court construes Plaintiff's complaint as alleging the following federal claims: (1) Fourth Amendment search and seizure claims arising out of all four traffic stops;[1] (2) First Amendment retaliation claims arising out of the November 11, 12 & 24, 2015, traffic stops; (3) § 1983 civil conspiracy claims arising out of the November 11, 12 & 24, 2015, traffic stops; (4) Fourth Amendment claims for malicious prosecution arising out of the November 11 & 12, 2015, traffic stops; (5) Fourteenth Amendment equal protection claim arising out of the November 12, 2015, roadblock traffic stop;

---

[1] The Fourth Amendment prohibits unreasonable searches and seizures. Specifically, the Fourth Amendment provides that "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment's prohibition against unreasonable searches and seizures is made applicable to the States by the Fourteenth Amendment's Due Process Clause. *See Payton v. New York*, 445 U.S. 573, 576 (1980); *Gideon v. Wainwright*, 372 U.S. 335, 341 (1963).

and (6) an Eighth Amendment excessive force claim arising out of the November 12, 2015, events.

### *A. Conspiracy Claims*

Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged coconspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard needed to state a conspiracy claim. Plaintiff sets forth no facts to support that there was a plan to violate his rights or that the seven Defendants shared a conspiratorial objective. Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants engaged in a conspiracy to violate Plaintiff's constitutional rights. Plaintiff makes only general allegations that he connects to no particular person and which have no underlying factual support. He provides no factual support of conspiracy other than the repeated recitation that one existed. According to the Citations attached to the complaint, different Defendants were involved in each traffic stop with the exception of Defendants Casse and Stewart who were involved in both the November 4 and November 12

traffic stops. "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared . . . [an] unlawful objective." *Bazzi v. City of Dearborn*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

Accordingly, Plaintiff's § 1983 conspiracy claims will be dismissed.

### *B. Retaliation Claims*

Retaliation based upon the exercise of a constitutional right violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id.*

In the present case, the protected conduct in which Plaintiff states he was engaged was requesting a video of a traffic stop in which he was involved. Submitting a request to obtain a copy of a police video is not protected conduct. Further, Plaintiff has set forth nothing to support his conclusion that there is a connection between him submitting the request for the video and the alleged adverse actions taken against him. Plaintiff states only that he "believes that somehow Officer Casse, and the 9th mobile found out about the request for the video." Plaintiff's unsupported belief that there is a connection between him filing the request for the video and the alleged wrongful actions against him is insufficient to show a causal connection.

*See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (finding that some statements and the temporal proximity between plaintiff filing his grievances and the decision to transfer him provided some circumstantial support for a causal connection, but not enough to meet plaintiff's burden to show that the filing of grievances was a substantial or motivating factor for his transfer). "It is worth recalling that '[i]t is obvious, of course, that bare allegations of malice [will] not suffice to establish a constitutional claim.'" *Thaddeus-X v. Blatter*, 175 F.3d at 400 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 588 (1988)).

Accordingly, Plaintiff's § 1983 retaliation claims will be dismissed.

### C. Fourth Amendment Search and Seizure Claims, Fourth Amendment Malicious Prosecution Claims, Eighth Amendment Excessive Force Claim, and Fourteenth Amendment Equal Protection Claim

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Further, a complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cty. Ohio*, 989 F.2d at 889. To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to

sustain a compensable § 1983 claim. *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Moreover, while the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

In his complaint, Plaintiff describes four traffic stops about which he alleges a violation of the Fourth Amendment. As to the first traffic stop on November 4, 2015, Plaintiff states that it was Defendant Casse who pulled him over. As to the other traffic stops, Plaintiff indicates that a number of officers were involved in the traffic stops. However, he fails to identify the officers or identify a particular Defendant who is responsible for the alleged wrongful behavior about which he complains. Plaintiff does attach the Citations he was issued as a result of the four traffic stops, and these Citations are signed by one or more of the Defendants. The fact that a particular Defendant may have signed a Citation does not put each Defendant on notice as to what Plaintiff alleges he did wrong and what he needs to defend against. With the exception of Defendant Casse, who Plaintiff identifies as being involved only in the alleged wrongful stop on November 4, 2015, Plaintiff fails to identify how each Defendant was personally involved in the actions about which he complains.

Plaintiff alleges an Eighth Amendment excessive force claim arising out of the November 12, 2015, traffic stop. Plaintiff states that "officer's roughed [him] up by yanking and pulling him back and forth." Again, Plaintiff fails to state which Defendants roughed him up.

Plaintiff also alleges Fourth Amendment malicious prosecution claims. These allegations are connected to the November 11, 2015, and the November 12, 2015, traffic stops. However, Plaintiff fails to identify the particular Defendant(s) who he claims was involved in this alleged wrongful conduct.

Plaintiff also alleges a Fourteenth Amendment equal protection claim arising out of the roadblock traffic stop on November 12, 2015. However, again, he fails to connect this particular claim to any of the named Defendants.

Further, Plaintiff filed his complaint on a general civil complaint form. The general civil complaint form does not have any place to indicate in which capacity Plaintiff is suing Defendants, and Plaintiff has failed to indicate in what capacity he is suing Defendants.

Despite these deficiencies, instead of dismissing these claims at this time, the Court will provide Plaintiff with an opportunity to amend to indicate in what capacity he is suing Defendants and to show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's conspiracy and retaliation claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to indicate in what capacity he is suing Defendants and to identify how each Defendant was involved in the alleged search and seizure claims, the malicious prosecution claims, the equal protection claim, and the excessive force claim.

The Clerk of Court is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form[2] with the case number and the word "AMENDED" affixed thereto.

Date: May 25, 2016

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.003

---

[2] Although this is a form for the filing of prisoner § 1983 actions, this form should better assist Plaintiff in filing his § 1983 claims.