# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHEROSCO L. BREWER                                                                                         PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:16CV-14-CRS

OFFICER HOLLAND *et al*.                                                                   DEFENDANTS

## ORDER

On May 26, 2016, the Court performed initial review of the complaint in this action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007) (DN 7). The Court dismissed the conspiracy and retaliation claims. As to Plaintiff's search and seizure, malicious prosecution, equal protection, and excessive force claims, the Court found that Plaintiff had failed to identify in what capacity he was suing the seven named Defendants and failed to identify a particular Defendant who he alleges is responsible for the behavior about which he complains. Instead of dismissing the search and seizure, malicious prosecution, equal protection, and excessive force claims, the Court provided Plaintiff with an opportunity to amend his complaint to indicate in what capacity he is suing Defendants and to show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. The Court ordered Plaintiff to file his amended complaint within 30 days of entry of the May 26, 2016, Order.

After seeking and being granted an extension of time, on August 15, 2016, Plaintiff filed his amended complaint (DN 10). In his amended complaint, Plaintiff states that the seven Defendants, Casse, Holland, Adams, Holian, Stewart, Beckett, and James, are being sued in their individual capacity. However, the amended complaint fails to comply with the Court's May 26,

2016, Order in that it does not allege how each of these Defendants was involved in the alleged wrongful behavior. In his amended complaint, Plaintiff states:

> each defendant herein acted alone or in concert with one another when they knowingly and intentionally violated plaintiffs constitutional rights without any just cause are provocation by knowingly allowing each other to violate its own policies and procedures and plaintiffs U.S. Constitutional Rights under the 4th, 5th, 6th, and 14th amendments of the U.S. Constitution, ans Section 210 of the Kentucky Constitution in an attempt to bring about unjust convictions as complained in original complaint at 1-34. The Defendants actions, or inactions as complained of at 1-34 of the original complaint, was the proximate or direct cause of the constitutional deprivations as alleged at 35-37 of the original complaint. Without discovery, or intervention of this Court, plaintiff cannot properly give a precise definition of the events that occurred.

Plaintiff has still not provided Defendants with fair notice of the claims against them. He has failed to state the conduct that each Defendant engaged in that Plaintiff contends violated his rights. The Court will provide Plaintiff with one last opportunity to amend his complaint to show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains.

Therefore, **IT IS ORDERED** that within **30 days** of entry of this Order, Plaintiff must amend his complaint to identify how each identified Defendant was involved in the alleged search and seizure, malicious prosecution, equal protection, or excessive force claims.

**Plaintiff is WARNED that failure to comply with this Order within the time allowed will result in dismissal of the remaining claims and this action.**

Date: November 17, 2016

                                                **Charles R. Simpson III, Senior Judge**
                                                United States District Court

cc: Plaintiff, *pro se*
      Defendants
4411.003