UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHEROSCO L. BREWER**                                                                                    **PLAINTIFF**

v.                                                                                    **CIVIL ACTION NO. 3:16CV-14-CRS**

**OFFICER HOLLAND** *et al.*                                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

On May 26, 2016, the Court performed initial review of the complaint in this action pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007) (DN 7).  The Court dismissed the conspiracy and retaliation claims.  As to Plaintiff's search and seizure, malicious prosecution, equal protection, and excessive force claims, the Court found that Plaintiff had failed to identify in what capacity he was suing the seven named Defendants and failed to identify a particular Defendant who he alleged is responsible for the behavior about which he complains.  Instead of dismissing the search and seizure, malicious prosecution, equal protection, and excessive force claims, the Court provided Plaintiff with an opportunity to amend his complaint to indicate in what capacity he is suing Defendants and to show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains.  The Court ordered Plaintiff to file his amended complaint within 30 days of entry of the May 26, 2016, Order.

After seeking and being granted an extension of time, on August 15, 2016, Plaintiff filed his amended complaint (DN 10).  In his amended complaint, Plaintiff stated that the seven Defendants, Casse, Holland, Adams, Holian, Stewart, Beckett, and James, were being sued in their individual capacity.  However, the amended complaint failed to comply with the Court's

May 26, 2016, Order in that it did not allege how each of these Defendants was involved in the alleged wrongful behavior. Thus, the Court entered an Order providing Plaintiff with one last opportunity to amend his complaint to show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains (DN 11).

In response to that Order, Plaintiff filed a second amended complaint (DN 12) which is currently before the Court for initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will allow the search and seizure, malicious prosecution, equal protection, and excessive force claims against Defendants to proceed as described in the Order below.

Included in Plaintiff's second amended complaint (DN 12), he indicates that the Defendant he previously named as "Holian" is actually named "Hogan." The Court construes this as a motion to amend the complaint to dismiss Defendant Holian from this action and add Defendant Hogan as a new Defendant. Upon consideration, **IT IS ORDERED** that the motion (DN 12) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to remove Officer Holian as a Defendant from the docket of this action and to add Officer Hogan as a Defendant to the docket of this action.

## I.

In his second amended complaint (DN 12), Plaintiff identifies seven officers with the Louisville Metro Police Department as Defendants in this action. The Defendants are as follows: (1) Officer Holland; (2) Officer Steward; (3) Officer Casse; (4) Sergeant Adams; (5) Detective James; (6) Officer Hogan; and (7) Officer J. Beckett. Plaintiff sues each Defendant in his individual capacity. As relief, Plaintiff seeks monetary damages. In his amended complaint, Plaintiff incorporates "all claims and arguments set forth in his original complaint." The claims raised by Plaintiff resulted from events that occurred during four separate traffic stops in

November 2015. The Court will summarize the facts as presented by Plaintiff in his complaint and second amended complaint.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

*First Traffic Stop*

According to Plaintiff, on November 4, 2015, he was pulled over by Defendant Casse and Defendant Stewart allegedly for an "excessive window tint allegation." Plaintiff states that Defendants Casse and Stewart ordered him from his vehicle. According to Plaintiff, these two Defendants "stuck their hands into [Plaintiff's] pockets, and further searched [Plaintiff's] vehicle without probable cause or any reasonable articulable suspicion that criminal activity was afoot." Plaintiff states that he was "unlawfully detained for 45 minutes." According to Plaintiff, at no point was he under arrest. Plaintiff alleges that Defendants Casse and Stewart's actions "were carried out for racially motivated reasons, and in violation of [Plaintiff's] 4th Amendment Right to the United States Constitution."

Plaintiff attached to the original complaint, a copy of the Uniform Citation (Citation) (DN 1-1, p. 6) issued to him as a result of this traffic stop. According to the Citation, Plaintiff was cited with violations of KRS § 189.110, excessive tint; KRS § 189.380, no signal; and KRS § 189.125, no seat belt. It appears that the Citation was signed by Defendants Casse and Stewart.

Upon consideration of the allegations arising from the November 4, 2015, traffic stop, the Court will allow the following claims to proceed against Defendants Casse and Stewart: (1) a Fourth Amendment seizure claim; (2) a Fourth Amendment search claim; and (3) a Fourteenth Amendment equal protection claim.

*Second Traffic Stop*

According to Plaintiff, on November 11, 2015, Defendants Holland, Hogan, and Adams pulled him over for "alleged excessive window tint." Plaintiff states that he was ordered from his vehicle. According to Plaintiff, Defendants Holland and Adams "stuck their hands in [Plaintiff's] front and back pockets searching him, without his consent and without probable cause or reasonable articulable suspicion of criminal activity." Plaintiff states that Defendant James "appeared to already be present, and without [Plaintiff's] consent, probable cause, or reasona[ble] articulable suspicion of criminal activity, unlawfully deployed the K-9 to search around, and inside the interior of Plaintiffs' vehicle along with Defendants' Hogan and Adams." According to Plaintiff, the officers never asked permission to "search or allow the dog to sniff around the vehicle." Plaintiff states that he was searched '"multiple times" by Defendants James, Hogan, Holland, and Adams. Plaintiff states that the officers never investigated the alleged purpose for the stop, the tinted windows. Plaintiff contends that the "entire stop was a pretext to search." Further, Plaintiff alleges that each of these Defendants deprived him of his right "to be free from illegal searches and seizures of his persons, papers and effects, or his vehicle. Also his right to be free from illegal detention, unlawful arrest or imprisonment."

Plaintiff states in the original complaint that the "stop lasted nearly two (2) hours, and plaintiff asserts that the actions of [the] police officers', at all times relevant to this complaint, were carried out for racially motivated reasons . . . ." According to Plaintiff, as a result of this stop, he was charged with the following: "KRS 527.040 possession of handgun by a convicted felon; KRS 218A.1421 trafficking in marijuana; KRS 218A-1417 possession of a controlled substance in the third degree; KRS 189.110 excessive window tint." Plaintiff states that

Defendants James, Hogan, Holland, and Adams "submitted false information on the charging citation, and are the direct or proximate cause of the malicious prosecution asserted by Plaintiff" resulting from this second traffic stop.

To the original complaint, Plaintiff attached a copy of the Citation (DN 1-1, p. 9) he received as result of this traffic stop. The Citation was signed by Defendants Holland and J. Adams. A third officer also signed the Citation, but the name is difficult to read.

Upon consideration of the allegations arising from the November 11, 2015, traffic stop, the Court will allow the following claims to proceed: (1) a Fourth Amendment seizure claim against Defendants Holland, Hogan, and Adams; (2) a Fourth Amendment search claim against Defendants James, Hogan, Holland, and Adams; (3) a Fourteenth Amendment equal protection claim against Defendants James, Hogan, Holland, and Adams; and (4) a Fourth Amendment malicious prosecution claim against Defendants James, Hogan, Holland, and Adams.

*Third Traffic Stop*

Plaintiff states that on November 12, 2015, he was pulled over for "alleged excessive window." He states that he was ordered from his car by Defendants Stewart and Casse, and that he was "immediately cuffed." Without consent, states Plaintiff, Defendants Stewart and Casse "proceeded in sticking their hands inside [Plaintiff's] front and back pockets." Plaintiff states that he immediately observed Defendant James, the K-9, and two unknown officers coming toward his direction from across the street where other cars were being searched. According to Plaintiff, Defendant Casse stated, "Look who I got here, It's Cherosco Brewer." Plaintiff states that this "set into effect a chain of events which led to defendants use of excessive force" by some officers including Defendants Stewart and Casse. According to Plaintiff, Defendant Casse "probed his hand at the crack of plaintiff's buttocks searching for drugs." Plaintiff states

6

Defendant James "unlawfully deployed [the] K-9." Plaintiff states that he was "held for nearly three hours, searched multiple times without probable cause and for racially motivated reasons without justifying the purpose of their stop." Further, Plaintiff states that Defendants Stewart and Casse "submitted" false information causing Plaintiff's malicious prosecution.

In the original complaint, Plaintiff states that he was charged with "KRS 218A.1412, Trafficking in control substance in the first degree; KRS 218A.1415, Possession of a controlled substance in the first degree; KRS 189.110, excessive window tint." Attached to the complaint is a copy of the Citation (DN 1-1, p. 8) Plaintiff received as a result of this traffic stop. The Citation is signed by Defendants Stewart and Casse.

Upon consideration of the allegations arising from the November 12, 2015, traffic stop, the Court will allow the following claims to proceed: (1) a Fourth Amendment seizure claim against Defendants Stewart and Casse; (2) a Fourth Amendment search claim against Defendants Stewart, Casse, and James; (3) a Fourth Amendment excessive force claim against Defendants Stewart and Casse; (4) a Fourteenth Amendment equal protection claim against Defendants Stewart, Casse, and James; and (5) a Fourth Amendment malicious prosecution claim against Defendants Stewart and Casse.

*Fourth Traffic Stop*

According to Plaintiff, he was again pulled over for "alleged excessive window tint" on November 24, 2015, by Defendant Beckett. Plaintiff states that Defendants Holland, Casse, and other unnamed officers "arrived shortly thereafter." Plaintiff states that he was "summarily ordered" from the car and cuffed by Defendant Beckett. Plaintiff states that Defendant Beckett and other unnamed officers searched Plaintiff's pockets despite his protest. According to

7

Plaintiff's original complaint, he was stopped for at least two hours during which time he was "subjected to repeat searches of his persons, and his vehicle, all conducted under the color of law for racially and retaliatory reasons in violation of plaintiff 4th and 14th Amendment rights . . . ." Plaintiff states that these searches "turned up 'nothing.'" According to the exhibits attached to Plaintiff's complaint, he received a Citation (DN 1-1, p. 7) on this date for excessive tint in violation of KRS § 189.110. This citation is signed by Defendant Beckett.

Upon consideration of the allegations arising from the November 24, 2015, traffic stop, the Court will allow the following claims to proceed: (1) a Fourth Amendment seizure claim against Defendant Beckett; (2) a Fourth Amendment search claim against Defendant Beckett; and (3) a Fourteenth Amendment equal protection claim against Defendant Beckett.

## IV.  ORDER

Accordingly, **IT IS ORDERED** as follows:

(1) As to the November 4, 2015, traffic stop, the following claims will proceed against Defendants Casse and Stewart: (1) a Fourth Amendment seizure claim; (2) a Fourth Amendment search claim; and (3) a Fourteenth Amendment equal protection claim.

(2) As to the November 11, 2015, traffic stop, the following claims will proceed: (1) a Fourth Amendment seizure claim against Defendants Holland, Hogan, and Adams; (2) a Fourth Amendment search claim against Defendants James, Hogan, Holland, and Adams; (3) a Fourteenth Amendment equal protection claim against Defendants James, Hogan, Holland, and Adams; and (4) a Fourth Amendment malicious prosecution claim against Defendants James, Hogan, Holland, and Adams.

(3)  As to the November 12, 2015, traffic stop, the following claims will proceed:  (1) a Fourth Amendment seizure claim against Defendants Stewart and Casse; (2) a Fourth Amendment search claim against Defendants Stewart, Casse, and James; (3) a Fourth Amendment excessive force claim against Defendants Stewart and Casse; (4) a Fourteenth Amendment equal protection claim against Defendants Stewart, Casse, and James; and (5) a Fourth Amendment malicious prosecution claim against Defendants Stewart and Casse.

(4)  As to the November 24, 2015, traffic stop, the following claims will proceed:  (1) a Fourth Amendment seizure claim against Defendant Beckett; (2) a Fourth Amendment search claim against Defendant Beckett; and (3) a Fourteenth Amendment equal protection claim against Defendant Beckett.

**IT IS FURTHER ORDERED** that:

(1)  The **Clerk of Court shall prepare and issue a summons for each Defendant, and the U.S. Marshals Service shall serve** a copy of the complaint (DN 1), the second amended complaint (DN 12), this Memorandum Opinion and Order, and summons on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(c)(3).

(2)  The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3)  Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel.  *See* LR 5.2(e).

(4)  Plaintiff is **WARNED** that failure to notify the Clerk of Court of any address change or failure to comply with any order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date: January 26, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4411.003

10