UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CHEROSCO L. BREWER**                                                                                  **PLAINTIFF**

v.                                                                                  **CIVIL ACTION NO. 3:16-cv-14-BJB**

**HOLLAND #7949 et al.**                                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court considers several pending motions in this case: *pro se* Plaintiff Cherosco L. Brewer's motion to strike (DN 28); a motion to intervene (DN 29) filed by Yvette K. Allen; and Defendants' motion for leave to file a memorandum of law in support of their motion for summary judgment in excess of the page limitation (DN 72).

## MOTION TO STRIKE

Plaintiff filed a motion to strike Defendants' answer to the complaint for lack of "fair notice" under Fed. R. Civ. P. 8. DN 28. He argues that Defendants' affirmative defenses "fail to set forth any basic facts which entitle defendants to the relief requested" and that Defendants "have made general denials and labeled these general denials as affirmative defenses." *Id*. at 3.

The Answer sets forth four affirmative defenses: (1) "The Complaint fails to state a claim for which relief can be granted"; (2) "Defendants are entitled to qualified immunity"; (3) "Some or all of Plaintiff's claims are barred by the statute of limitations"; and (4) "Defendants expressly reserve the right to file further pleadings and to assert additional affirmative defenses as the proof develops." DN 23 at 2.

In response to Plaintiff's motion (DN 30), Defendants assert that their answer meets Fed. R. Civ. P. 8(b)(1)(A) standards. They also point out that they filed an answer, not a motion to dismiss, and additional argument was not necessary. DN 30 at 1.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017), and the Court has considerable discretion when deciding whether to strike pursuant to Rule 12(f), *Thompson v. Hartford Life & Accident Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010).

Rules 8(b) and 8(c) govern defenses and affirmative defenses, and require only that a party "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). This language differs markedly from the language of Rule 8(a)(2), which governs a "pleading that states a claim for relief" and which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitlement to relief' in the subsections governing answers and affirmative defenses.") (brackets omitted).

The Sixth Circuit Court of Appeals has held that an affirmative defense need only be "'pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure*, § 1274) (ellipsis in *Lawrence*). In the absence of controlling guidance as to whether the heightened pleading standard promulgated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should apply to affirmative defenses, this

Court has continued to apply the fair-notice standard to the pleading of defenses. *See, e.g.*, *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 319-CV-00014-GNS-LLK, 2020 WL 1430610, at *2 (W.D. Ky. Mar. 23, 2020) (noting that the Sixth Circuit has not addressed what impact if any the heightened pleading standard in *Twombly* and *Iqbal* has on affirmative defenses and using the fair notice standard to analyze the defendants' affirmative defenses); *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV00185-JHM, 2011 WL 3159177, at *2 (W.D. Ky. July 26, 2011) (declining to adopt the heightened *Twombly* and *Iqbal* pleading standard for the pleading of defenses). As such, the fair-notice standard will be used to analyze Defendants' affirmative defenses.

Defendants' first affirmative defense, *i.e.*, failure to state a claim, "[is] not [an] affirmative defense[] at all," although "mistakenly categorizing a negative defense as an affirmative defense is not grounds to strike the defense from the Answer." *Whiting v. Albek*, No. ED CV 19-1542-DMG, 2020 WL 7382777, at *4 (C.D. Cal. Oct. 30, 2020) (citing *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012)). Plaintiff objects to it on the basis that it is "bare bones" and uncorroborated by facts or law. DN 28 at 1. "There is no requirement under Rule 8(c) that a defendant plead any facts at all." *Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013). "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 Wright & Miller, *Federal Practice and Procedure* Civ. § 1274 (footnotes omitted).

Plaintiff objects to the second affirmative defense "Defendants are entitled to qualified immunity" (DN 23 at 2) — because he says Defendants did not explain "why and how they are entitled to qualified immunity." DN 28 at 2.

Because Defendants have adequately stated this affirmative defense, no further explanation is required. *See, e.g.*, *Tardif v. City of New York*, 302 F.R.D. 31, 36 (S.D.N.Y. 2014) similarly worded answer "adequately stated the qualified immunity defense, as required by Rule 8(c), to give Plaintiff fair notice of the nature of the defense, and that there are questions of fact and law that might allow the defense to succeed").

As to Plaintiff's third affirmative defense — "[s]ome or all of Plaintiff's claims are barred by the statute of limitations" (DN 23 at 2) — a court in this Circuit has held this exact wording provided fair and adequate notice. *See Fullen v. City of Columbus*, No. 2:08-CV-263, 2008 WL 4762763, at *2 (S.D. Ohio Oct. 24, 2008) (affirmative defense stating that "[s]ome or all of Plaintiff's claims are beyond the statute of limitations" provided the plaintiff with fair and adequate notice).

Moreover, in evaluating motions to strike, courts consider whether the moving party has identified any prejudice. *See, e.g.*, *Whiting*, 2020 WL 7382777 at *4 ("Furthermore, Plaintiff has not specifically identified any prejudice arising from their inclusion in the Answer."); *Kilgore-Wilson v. Home Depot, U.S.A.*, No. 2:11-CV-02601-JPM, 2012 WL 4062695, at *3 (W.D. Tenn. Apr. 20, 2012) ("In addition, Plaintiff has not alleged how she is prejudiced by the inclusion of these defenses, and the Court is not aware of any such prejudice."), *report and recommendation adopted*, No. 2:11-CV-02601-JTF, 2012 WL 4062663 (W.D. Tenn. Sept. 14, 2012). Here, Plaintiff has not alleged that he is prejudiced by any of these affirmative defenses. The Court will deny Plaintiff's motion to strike these three affirmative defenses.

Plaintiff objects to what Defendants styled as their fourth affirmative defense — that Defendants "expressly reserve the right to file further pleadings and to assert additional affirmative defenses as the proof develops," (DN 23 at 2) — as not being a proper affirmative defense. Defendants, Plaintiff explains, may file a motion for leave to amend as the case develops. DN 28 at 3. Plaintiff is right. Rule 8(c) does not list a reservation of rights as an affirmative defense, and describing a reservation as an assertion of rights doesn't make sense. A "reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading." *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011). Defendants may move to assert other affirmative defenses by seeking leave to amend their answer should the need arise. *Id.* The Court will strike Defendants' fourth affirmative defense.

The Court **GRANTS** Plaintiff's motion to strike Defendants' fourth affirmative defense but otherwise **DENIES** Plaintiff's motion to strike.

## MOTION TO INTERVENE

In her motion, Yvette Allen "request[s] permission" to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. DN 29 at 1. She asserts that on November 12, 2015, Defendant Holland "was the direct or proximate cause of her automobile being unlawfully impounded."[1] *Id.* She states that she filed a state court action, No. 15-c-12761, seeking the immediate release of her vehicle. According to Ms. Allen, Defendant Holland asserted qualified immunity in that action. *Id.* She states that she requested but did not receive a hearing in state court, and asserts that her claims against Defendant Holland arise from the same facts as

---

[1] Although Ms. Allen does not explain this, the Court notes that this date is one of four dates on which Plaintiff's complaint alleges that he was subjected to a traffic stop. *See* DN 1 at 5.

Plaintiff's in this action. She further asserts that "the efficient administration of justice should permit her to intervene . . . against Defendant Holland, or any individual whom is responsible for the unlawful hold[.]" *Id.* at 2.

Permissive intervention is governed by Fed. R. Civ. P. 24(b), which provides in pertinent part:

> **(b) Permissive Intervention.**
>
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who: . . .
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> ***
>
> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1) and (3).

Ms. Allen fails to explain how her state-court claims against Defendant Holland arise from the same set of facts as Plaintiff's. Although she states in her motion that she attaches state court documents, she does not. Nor does she explain what her claims are. Ms. Allen appears to want the return of her automobile, but she does not state whether she brings claims that the automobile has not been returned as a result of a violation of constitutional or federal law or of a state law or procedural rule. "This failure to identify a truly common question is enough to justify denying permissive intervention." *Owners Ins. Co. v. Reynolds Concrete Pumping, LLC*, No. 3:21-CV-356-BJB, 2022 WL 451354, at *2 (W.D. Ky. Feb. 14, 2022).

The Court additionally finds that considerations of delay and prejudice weigh against Ms. Allen's motion. She did not file her motion to intervene until approximately a year and a half after this lawsuit was brought. And in asserting that "the efficient administration of justice

6

should permit her to intervene . . . against Defendant Holland, *or any individual whom is responsible for the unlawful hold*" (emphasis added), she holds open the possibility that adding an entirely new Defendant may be necessary for her to obtain the relief she seeks. Any further delay would be detrimental to all parties. This case is over six years old. It is at the dispositive-motion stage, and Defendants have prepared a motion for summary judgment with a lengthy memorandum in support (DN 72). Addressing Ms. Allen's unspecified claim for which Defendant Holland may not even be the correct Defendant would delay this case further and unduly complicate the proceedings at this late stage in the case's development.

Finally, the Court notes that all the mail the Court has sent Ms. Allen has been returned as undeliverable (DNs 39, 50, 69, and 75). Ms. Allen has not advised the Court of her new address or made inquiries regarding the status of her motion. Allowing Ms. Allen to intervene at this point in the litigation would raise the likelihood that neither the Court nor the parties will be able to serve documents and filings on her.

For all of these reasons, the Court in its discretion **DENIES** the motion to intervene (DN 29).

## DEFENDANTS' MOTION TO FILE EXCESS PAGES

Defendants ask the Court for leave to file their memorandum of law in support of their motion for summary judgment which contains nine pages more than the twenty-five page limit set forth in Local Rule 7.1(d). Defendants explain that the additional pages are necessary because this case involves a complaint and two amended complaints, with claims related to four traffic stops, two searches, and multiple Defendants.

Plaintiff does not oppose the motion.  The Court **GRANTS** Defendants' motion (DN 72).

Date:   March 1, 2022

Benjamin Beaton, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
      Yvette K. Allen
B213.009

8