# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CHEROSCO L. BREWER**                                                                     **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:16-cv-14-BJB**

**HOLLAND #7949 et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court considers *pro se* Plaintiff Cherosco L. Brewer's motion for "equitable relief." DN 52. For the following reasons, the Court denies his motion.

Brewer brought this 42 U.S.C. § 1983 lawsuit against seven Louisville Metro Police Department (LMPD) officers after four traffic stops occurring on November 4, 11, 12, and 24, 2015, which resulted in state criminal charges against Brewer. DN 1. On initial review of his complaint and two amended complaints pursuant to 28 U.S.C. § 1915A, the Court allowed Brewer's lawsuit to continue with respect to his search-and-seizure, equal-protection, malicious-prosecution, and excessive-force claims. *See* DNs 7 and 13.

After Brewer filed this lawsuit, a federal grand jury also criminally charged him in this Court on charges arising from the November 11 and 12 traffic stops. *United States v. Brewer*, 3:17-cr-37-DJH. Defendants moved for a stay of this lawsuit pending resolution of the state and federal cases against Brewer. DN 24. The Court granted the stay. DN 32. A jury verdict in the federal case found Brewer guilty of possessing a firearm and ammunition as a convicted felon, possessing marijuana and cocaine with intent to distribute, and possessing a firearm in furtherance of drug trafficking. DN 54-1 at 1–2. The Court sentenced him to 20 years in federal prison, where he is currently confined.[1] *Id.* at 3. This Court lifted the stay of this action after

---

[1] Brewer appealed his federal conviction. The Sixth Circuit Court of Appeals affirmed, and the U.S. Supreme Court denied his petition for writ of certiorari. *United States v. Brewer*, 3:17-cr-37-DJH, at DNs 289, 302.

Defendants reported that the state cases involving two of the stops were dismissed and that the federal conviction involved the other two stops. DN 58.

While this action was stayed, Brewer filed this motion requesting "equitable relief" due to alleged ineffective assistance of counsel and selective enforcement and prosecution in his federal criminal case. This motion appears to be a reaction to events during his federal prosecution. He asserts that "equal protection requires the dismissal of the charges as the only suitable remedy" and asks this Court to order his immediate release. DN 52 at 17. He does not ask to amend his complaint in this § 1983 action.

Defendants have responded to Plaintiff's motion. DN 54. Defendants argue that, to the extent Brewer asks to add "equitable claims" in this case, he has not moved for leave to amend and that he has no viable claim for ineffective assistance of counsel against these Defendants, who are all LMPD officers. *Id.* at 2. They explain that Brewer litigated the propriety of the November 11 and 12 stops multiple times during his federal criminal prosecution, making any further claim as to their impropriety barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 3. They further assert that, to the extent that Brewer possibly raises a claim of selective prosecution, the federal criminal court held that argument lacked support. *Id.* at 5.[2]

Defendants attach documents from Brewer's federal criminal case indicating the Court considered and rejected claims Brewer raised regarding the reasonableness of the stops and the allegedly selective nature of the prosecution and enforcement. Defendants also point out that Brewer makes no showing that Defendants controlled the prosecution of the federal criminal case against him.

---

[2] Defendants also refer to Plaintiff possibly trying to add a claim for vindictive prosecution. *See* DN 54 at 3. He did raise this issue in his criminal case but does not mention it in his motion.

### *A. Request for dismissal of charges and immediate release*

Brewer's motion requests dismissal of the charges he was convicted of as well as immediate release from confinement. But when a prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[R]elease from custody and dismissal of charges are not available forms of relief under § 1983." *Thornton v. Hagan*, No. 3:16-CV-P176-DJH, 2016 WL 6078306, at *4 (W.D. Ky. Oct. 14, 2016); *see also Weddle v. Dunbar*, No. 1:15CV-P9-GNS, 2015 WL 2213356, at *11 (W.D. Ky. May 11, 2015) (explaining that habeas corpus is the exclusive remedy for a request for an immediate release from incarceration and dismissal of criminal charges). Further, Brewer does not explain how Defendants, all of whom are Louisville police officers, would be proper defendants even if he had requested habeas relief. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). This law requires the Court to deny Brewer's request for relief.

### *B. Assertions of ineffective assistance of counsel*

Brewer asserts that his trial counsel during his federal case were ineffective. He cites *Strickland v. Washington*, 466 U.S. 668 (1984), the seminal case setting forth the standard for ineffective assistance of counsel that may warrant habeas corpus relief.

If Brewer believes that his conviction violates the Constitution because of ineffective assistance of counsel, he may raise that claim in a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. *See, e.g.*, *Bugg v. United States*, No. 1:09-CV-196, 2010 WL 1492340, at *1 (E.D. Tenn. Apr. 12, 2010) ("Plaintiff's allegations [of ineffective assistance]

3

and his request for relief"—from his conviction and sentence were "more properly brought as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255[.]"). Brewer's claim regarding his trial attorneys' alleged ineffectiveness has no place in this § 1983 action.

### C. Selective enforcement/prosecution

Brewer's motion refers to both selective enforcement and selective prosecution. But the motion does not make clear whether it seeks to add these claims in this civil action or request relief in his criminal case. The motion :

> ask[s] this Court to apply the applicable law to reach a determination that [Brewer] has met the requisite threshold showing [of] "some evidence of selective enforcement'" by LMPD, and whether [Brewer] has shown evidence to request a hearing on selective enforcement, separate to a hearing for selective prosecution. [Brewer] asserts a separate selective prosecution claim for his Federal prosecution, and request records to see how many of the similarly situated blacks [w]ere recommended for federal charges with claims of illegal traffic stop and K-9 sniffs' involved. Last, a separate selective prosecution claim when compared to other Blacks similarly situated receiving state charges and no federal charges.

DN 52 at 17.

Defendants argue that Brewer should not be allowed to amend to add a selective-prosecution claim in this case because he raised and lose the issue in his federal case. DN 54 at 5. Brewer makes no showing now that these Defendants controlled the prosecution of the federal case against him. Defendants do not address selective enforcement.

Defendants also argue that the *Heck* doctrine would bar the addition of any claim in this case which would undermine his federal conviction.

In *Heck*, the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87 (footnote omitted). *Heck* involved a state prisoner, but the doctrine also applies where a plaintiff seeks to render invalid his federal criminal conviction. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (holding that where a federal prisoner seeks "relief which essentially attacked the lawfulness of his conviction, without first having that conviction set aside, his tendered complaint failed to state a claim under *Heck*").

Defendants are correct that were Plaintiff to bring claims of selective prosecution or enforcement in this case, those claims would be barred by *Heck*. *See, e.g.*, *Omegbu v. Milwaukee Cty.*, 326 F. App'x 940, 942 (7th Cir. 2009) (holding that a § 1983 plaintiff's selective-prosecution claim was barred by *Heck* because it would render his conviction unlawful); *Robinson v. Donovan*, No. 4:13-CV-14752, 2015 WL 4528036, at *3 (E.D. Mich. July 27, 2015) ("Under *Heck*, the claim[] of . . . selective enforcement may not be pursued while Plaintiff's convictions remain outstanding."). Thus, even assuming that Plaintiff wants to raise these claims in this action, he cannot unless or until his conviction has been expunged by executive order or called into question by the grant of a motion to vacate, set aside, or correct his sentence pursuant to § 2255.

For the foregoing reasons, the Court **DENIES** Brewer's motion (DN 52).

Date: March 9, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Counsel of Record
B213.009

5